Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6313 | **DATE** | 9/12/2002 |
| **CASE TITLE** | USA vs. Jacobo Leyva | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. As phrased in Section 2255 Rule 4(b), "it plainly appears from the face of the motion... and the prior proceedings in the case that the movant is not entitled to relief in the district court." That being so, Section 2255 Rule 4(b) calls for the summary dismissal of the motion, and this Court so orders. (1-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | SEP 13 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 2 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 9/12/2002 date mailed notice | | |
| SN | courtroom deputy's initials | | | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 6313 |
| | ) | (00 CR 781-1) |
| JACOBO LEYVA, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
SEP 13 2002

MEMORANDUM OPINION AND ORDER

Jacobo Leyva ("Leyva") has filed a self-prepared 28 U.S.C. §2255 ("Section 2255") motion, in which he seeks to upset his conviction and sentence based on the assertedly ineffective assistance provided by his lawyer Ralph Meczyk ("Meczyk") in connection with Leyva's guilty plea and ensuing sentencing. Because this Court recalled the circumstances of both of those proceedings well, and because that recollection had indicated Leyva's current contentions to be wholly devoid of merit, this Court has listened to the transcript of each proceeding to see whether the current motion could be resolved without the need to order any response from Meczyk or from government attorneys Duane Deskins and Sean Berkowitz (see Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules")). As this memorandum opinion and order reflects, that has indeed proved to be the case.

### Leyva's Guilty Plea

On July 13, 2001 Leyva changed his earlier plea of not

guilty to a guilty plea as to Count One (a conspiracy count charging distribution and possession with intent to distribute substantial quantities of cocaine) pursuant to a written plea agreement. Because Leyva's primary (if not sole) language is Spanish, this District Court's extraordinarily able interpreter Kevin DeVany was also present and provided simultaneous English-to-Spanish and Spanish-to-English translation. This Court followed its invariable practice of engaging in a meticulous point-by-point inquiry to make sure that Leyva understood each question, that he was proposing to enter his guilty plea both voluntarily and with full knowledge of the rights that he would give up by pleading guilty and that--by describing his criminal involvement in his own words--he was acknowledging that he was in fact guilty of the charge at issue.

Nonetheless Leyva now claims that the waiver of appeal contained in the plea agreement (Agreement ¶12) tainted his plea because Meczyk had improperly allowed him to give up those appellate rights. In part the current motion contains an important mischaracterization of the plea agreement: Leyva asserts at page 2 of his motion that it included a waiver of "the filing of a petition pursuant [to] 28 U.S.C. §2255, §2241 or any other post-conviction motion or petition." Not only was that not true at all, but in fact this Court's detailed questioning expressly elicited a confirmation from government counsel that no

2

Section 2255 waiver was involved.[1] After that had been fully explored and specifically explained to Leyva, he confirmed that he understood the potential right to appeal that he *was* giving up and affirmatively said he was doing to voluntarily.

Leyva also says that he did not get anything of value in exchange for his waiver of appeal, because the three level reduction in the Sentencing Guidelines offense level (Guideline §§3E1.1(a) and (b)) is something that he would have received in all events (if for example he had entered a blind plea). But there are two responses that torpedo that contention:

> 1. Under Plea Agreement ¶15 the government agreed to recommend that Leyva be sentenced at the low end of the applicable Guideline range (or, if higher, the statutory mandatory minimum sentence). By contrast, in a blind plea the United States could make whatever recommendation for a higher sentence that it considered appropriate. Although such recommendations do not of course bind the sentencing court, Meczyk could appropriately have considered the desirability of obtaining such a recommendation as operating

---

[1] This Court is one of several judges in this District Court who will not accept a plea agreement that contains a Section 2255 waiver, both because such a provision places counsel in a conflict-of-interest position if he or she recommends such a waiver that gives up a defendant's right to challenge the constitutional adequacy of the lawyer's representation and because a defendant's forfeiture (as contrasted with the knowing waiver) of other constitutional rights that might be enforceable via Section 2255 can be problematic.

3

to Leyva's benefit.

2. Even apart from any such essentially strategic judgment, which tends to negate any claim of constitutionally insufficient representation by counsel, the government had Leyva dead to rights on his major involvement in dealing between 15 and 50 kilograms of cocaine (something that Leyva confirmed both in Plea Agreement ¶5 and in his oral acknowledgment at the time this Court took his guilty plea). Under the conspiracy provisions of 21 U.S.C. §846 and its incorporation of the provisions of 21 U.S.C. 841(a) and (b)(1)(A)(ii), Leyva's involvement with a far smaller amount--at least five kilos--triggered a <u>mandatory</u> minimum imprisonment of ten years. That mandatory minimum trumped the lower part of the Guideline range applicable to offense level 31, and 120 months was in fact the custodial sentence imposed by this Court. And that being the case, any attempt at an appeal from that sentence (after Leyva had acknowledged his guilt and had confirmed that he was pleading guilty voluntarily) would have been totally frivolous.

In summary, then, Leyva cannot tar Meczyk with the brush of constitutionally inadequate representation just because the plea agreement contained a waiver of appellate rights. In part Leyva is factually incorrect in that respect, and in its totality

4

Leyva's complaint on that score is legally unsound.

## Leyva's Sentencing

Like so many criminal defendants (and, indeed, some lawyers) who misunderstand the holding in and effect of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), Leyva also attempts to lay at Meczyk's doorstep a charge of ineffective assistance of counsel because Meczyk assertedly failed to challenge the determination of the quantity of drugs ascribable to Leyva at sentencing, rather than having that matter determined by a jury. That position is so fundamentally unsound that only a brief explanation is required to reject it.

As stated in the preceding section of this opinion, Leyva's mandatory minimum sentence kicked in once he was found to have been involved with at least five kilos of cocaine. But by his very entry into the plea agreement, including its waiver of jury trial (something that he expressly confirmed during the change-of-plea hearing after this Court had engaged in a painstaking explanation of everything involved in such a trial and of the effect of Leyva's waiving that right), Leyva himself has taken Apprendi out of play--see such cases as United States v. Parker, 245 F.3d 974, 977 and the numerous cases cited there; and see also such cases as United States v. Wallace, 276 F.3d 360, 369 (7th Cir. 2002) and cases cited there, from which latter authorities the result here really flows a fortiori.

5

Because the <u>Apprendi</u> principle does not enter into Leyva's case at all, he cannot charge Meczyk with ineffective assistance by reason of any asserted failure to challenge the determination of the drug quantity at sentencing (indeed, the drug quantity was properly determined at the time of Leyva's guilty plea, rather than at the later date when he was sentenced). That aspect of Leyva's current attack is also fatally flawed.

## Conclusion

As phrased in Section 2255 Rule 4(b), "it plainly appears from the face of the motion...and the prior proceedings in the case that the movant is not entitled to relief in the district court." That being so, Section 2255 Rule 4(b) calls for the summary dismissal of the motion, and this Court so orders.

Milton I. Shadur
Senior United States District Judge

Date: September 12, 2002